HEFFRON *v.* DALY.

133    613
136    ¹463
136    ¹464
133    613
143    ¹682
133    613
e145    ²182
j145    ²184

1. LIFE INSURANCE—ANTI-REBATE LAW—PREMIUM NOTE—VALIDITY —CONSIDERATION.

2 Comp. Laws, § 7219, makes it a misdemeanor for a life-insurance agent to pay or allow any rebate of premium as an inducement to insurance. In an action by such agent on a premium note, the amount of which he had paid to the company, it appeared that he had induced defendant to take the insurance by giving him the benefit of the agent's commission of one-half the premium, taking the note in suit for the balance. *Held,* that the note was void for want of considera tion, by reason of the illegality of the insurance contract.

2. SAME—ILLEGAL CONTRACT—PLEADING.

The illegality of a contract of life insurance, because made in violation of the anti-rebate law, need not be pleaded in defense of an action on a premium note, as it is the duty of the court to take notice of the illegality *sua sponte.*

Error to Wayne; Frazer, J. Submitted April 9, 1903. (Docket No. 10.) Decided June 30, 1903.

*Assumpsit* by John Heffron against William M. Daly upon a promissory note. From a judgment for plaintiff, defendant brings error. Reversed.

*W. W. Wicker,* for appellant.

*Hayes & Lawson,* for appellee.

HOOKER, C. J. This plaintiff's action is based upon a promissory note for $139, dated September 8, 1896, payable to the plaintiff, or order, on or before January 1, 1897. His proof shows that the note was given in payment of the first premium upon a policy of insurance, which policy was afterwards delivered to the defendant by the plaintiff, who was agent for the company issuing it, to which company the amount of the note was paid by the plaintiff as its share of the premium.

By way of defense, the defendant insists that he received no consideration for the note, which he said was given "for the accommodation of the plaintiff, upon the understanding that he was not to be called upon to pay it if the policy was not all right." He says the policy was not "all right" for the following reasons:

1. Defendant's application for a policy was solicited, and, as an inducement for him to take it, plaintiff offered to give him the benefit of the agent's commission, viz., one-half of the premium, and take defendant's note for the remainder, *i. e.*, $139, and that this reduction of the first premium was a violation of Act No. 171 of the Public Acts of 1889, being 2 Comp. Laws, § 7219, and rendered the policy illegal and void.

2. Defendant's policy never was in force, for the reason that it contains a provision that payment of premium to any person, except in exchange for the official receipt of the company, will not be recognized by the company or deemed a valid payment; and the application provides that "any policy issued upon this application shall not go into effect until the first premium has actually been paid in cash during the lifetime and good health of the applicant." No such receipt was given to the defendant, nor has he ever paid the first premium in cash, though the evidence shows that the company received said premium, less the agent's commission, from the plaintiff, and issued the policy.

3. Defendant contends that the policy is void for the further reason that his age is stated as 55 years in his application, when he was in fact 58 years of age, and so informed the agent. He says he called plaintiff's attention to it when he delivered the policy, and told him that "he did not think the policy was any good because of the age." Plaintiff denied this testimony, and testified that the defendant did not inform him that he was born in 1838; also that the policy was a receipt for the first premium.

It appeared upon the trial that the insurance company went out of business in 1900, and that its affairs are being closed by a trust company.

The learned circuit judge submitted one question to the jury, viz. : Whether the plaintiff was a party to the alleged misrepresentation of defendant's age. He instructed them that the note was not void by reason of the violation of the statute. 2 Comp. Laws, § 7219. In this we think he erred. The contract of insurance was prohibited by law, and the act of making it was a penal act. The contract was therefore illegal, and, being so, the consideration for the note failed. *State Life-Ins. Co.* v. *Strong*, 127 Mich. 346 (86 N. W. 825); *Citizens' Life-Ins. Co.* v. *Commissioner of Insurance*, 128 Mich. 85 (87 N. W. 126). It is said that the point should have been pleaded. If there would otherwise be force in this point, it is avoided by the rule that it is the duty of the court, *sua sponte*, to take notice of illegality. *Richardson* v. *Buhl*, 77 Mich. 632 (43 N. W. 1102, 6 L. R. A. 457); *Oscanyan* v. *Arms Co.*, 103 U. S. 261.

The judgment is reversed, with costs of both courts, and there is no occasion for a new trial.

MOORE, GRANT, and MONTGOMERY, JJ., concurred. CARPENTER, J., took no part in the decision.