CASE 90.—ACTION BY L. B. ANDERSON AGAINST THE NATIONAL LIFE INS. CO. OF THE UNITED STATES OF AMERICA, ON A CONTRACT FOR COMPENSATION AS AGENT.—May 9.

## National Life Ins. Co. of U. S. A. v. Anderson

Appeal from Graves Circuit Court.

R. J. BUGG, Circuit Judge.

Judgment    for    defendant.    Plaintiff    appeals. Reversed.

1. Insurance—Agent—Compensation—Under a contract whereby plaintiff was employed by a life insurance company as manager of a specified territory for at least one year for a certain commission, his compensation being guarantied to exceed a certain amount per month, but the company reserved the right to withdraw from the territory, where the company withdrew from the territory before the expiration of the year, the plaintiff was not entitled to compesation for the balance of the year

2. Same—Rebating Premiums—Where an insurance company permitted an agent to rebate parts of premiums in violation of Ky. Stats., 1903, section 656, making the act of rebating a crime, it could not recover from the agent the premiums which he ought to have collected from the insured.

3. Same—Where an insurance company continued to accept the

services of an agent with knowledge that he rebated premiums, they cannot thereafter forfeit his rights to compensation for legitimate services after the illegal acts were done.

ROBBINS & THOMAS and L. A. STEBBINS for appellant.

We submit that if it was agreed between appellant and appellee, that the appellee, as appellants agent, might rebate insurance premiums, then the entire contract was void, and appellee should not recover anything thereon.

### AUTHORITIES.

Brown's Adm'r v. Longford's Adm'r 3 Bibb, 497; Swann, et al. v. Chandler & Phillips, 8 B. Monroe, 97; Gardner v. Maxey, 9 B. Monroe, 90; Collins v. Merrill, 2 Metcalfe, 163; Kimbrough v. Lane, 11 Bush, 556; Clark on Contracts, pages 571-574; Lehan v. Kiley, 21 Kentucky Law Reporter, 1186; Davis v. Parrish, 16 Kentucky; Littell's Select Cases, page 153; 104 Federal Reporter, 502; 17 American eDcisions, 175; 62 Kentucky, 261; 95 Kentucky, 494.

W. J. WEBB for appellee.

### AUTHORITIES CITED AND RELIED ON.

1. Motion to quash summons was properly overruled.    (Kentucky Statutes, 631.)

2. Contract was for a term of one year.    (Bishop on Contracts, section 413; Crane & Co., &c. v. Williamson & Co., 23. Ky. Law Rep., page 691; Bishop on Contracts, 372.)

3. Contract was not vitiated by reason of the acceptance of certain premiums at less than the regular rates.    (Lyne v. Bank of Kentucky, 5 J. J. Marshall, 569; Phillips v. Clark, 4 Metcalf, 352.)

4. The measure of recovery is the amount called for by the contract.

5. The case was submitted to the jury under proper instructions and their findings of the facts are sustained by the evidence.

Opinion of the Court by Judge Barker—
Reversing.

In August, 1903, the appellant, the National Life
Insurance Company of the United States of America,
entered into a written contract with the appellee,
L. B. Anderson, by which it employed him as its
manager for a district in south-western Kentucky
containing several counties. Under this contract his
remuneration was to be on a commission basis, but
was guarantied by the company to amount to $125
per month for the first four months, and to $100
per month for the remainder of the period. The con-
tract commenced on the 1st day of September, 1903,
and extended to the 1st day of September, 1904,
and thereafter until ended by thirty days' notice
from either party to the other. On the 1st day of
May, 1904, the corporation withdrew from the State
of Kentucky, and has done no business here since,
of which withdrawal it gave appellee due notice.
Thereafter it refuesd to pay him any part of his
salary, and to recover it, this action was instituted.
A trial resulted in a judgment in favor of appellee
for $400 of which appellant corporation is now
complaining.

So much of the contract as we deem pertinent to
the issues involved herein is as follows:

"This agreement made and entered into this third
day of August in the year one thousand nine hun-
dred and three, by and between the National Life
Insurance Company of the United States of America,
Washington, D. C., principal branch office Chicago,
Illinois, party of the first part, and Lawrence B.
Anderson, of Paducah, in the county of McCracken

and State of Kentucky, party of the second part, witnesseth:

"First. That said party of the first part does hereby appoint the said party of the second part manager for said company for the purpose of procuring in person, or through agents, applications for insurance on the lives of individuals and forwarding same to said company for approval or disapproval, and for collecting and forthwith forwarding premiums, according to the terms and conditions of this contract, and for no other purposes, whatsoever. The said party is hereby authorized to operate in the following district, to wit: The counties of Daviess, McLean, Muhlenberg and Todd, in the State of Kentucky, and all territory lying west thereof in said State.

"Second. Said company reserves the right to withdraw from said district at any time, without previous notice to said party of the second part; in which event, this contract, so far as it relates to procuring or soliciting new business, shall cease and determine without incurring any liability on the part of the said company; but nothing herein shall be construed to release said party of the second part from any liability whatsoever which the said party may have incurred at or before the date of such withdrawal.    *    *    *

"Twenty-First. It is agreed that if said party of the second part shall sell or offer to sell directly or indirectly to any person or persons, policies for insurance to be issued by said party of the first part hereunder at any reduction from the regular table as furnished to said party of the second part by said party of the first part, said sale or offer of sale

shall work an immediate termination of this agreement and a forfeiture of all rights and interests hereunder to said party of the first part.

"Twenty-Second. It is agreed that this contract shall run for a term of one year, beginning September 1, 1903, and terminating September 1, 1904, and thereafter may be terminated by either party thirty days after giving the other party notice to that effect.

"Twenty-third. The said party of the first part hereby guaranties and agrees to pay the party of the second part the sum of one hundred and twenty-five dollars per month for four months, the first payment being due and payable on October 1, 1903, and one hundred and twenty-five dollars on the first day of each succeeding month for four months. And the party of the first part hereby further agrees to pay the said party of the second part the sum of one hundred dollars per month for eight months, beginning with January 1, 1903, and ending September 1, 1904, the said first sum of one hundred dollars being due and payable on February 1, 1903, and the subsequent one hundred dollars on the first of each succeeding month; all of the above guaranties or salary to be charged against commissions.

"Twenty-Fourth. The party of the first part hereby agrees to pay to the party of the second part the sum of twenty-five dollars per month for twelve months for office rent, due and paable on the last day of each month."

The first error complained of by the appellant is the refusal of the trial court to instruct the jury that it had a right, under the second section of the contract, to withdraw from the district for which it had

employed the appellee to act as its agent, at any time, and that from the date of such withdrawal its liability to him under the contract was to cease. On the part of appellee it is insisted (and such was the opinion of the trial court) that sections 22 and 23 provide for a continuance of the contract and payment of appellee's salary for a year, without reference to section 2 and although the company might withdraw from the State, still appellee's salary would go on during the contract year. This construction we deem unsound. It is an elementary rule for the construction of contracts, that all of their provisions shall, if possible, be given full force and effect, and that their different stipulations shall be harmonized, unless they are irreconcilable. It is difficult to see of what value section 2 would be to the company, if appellee's contention as to the effect of sections 22 and 23 be correct. The only possible value of section 2 to the company was that it enabled it to discontinue the salary of its agent if it determined to withdraw from further business in the State. If the salary continued after the withdrawal of the company from the State, this section was a nullity. On the contrary, it seems to us that there is no conflict between sections 22 and 23 on the one hand and section 2 on the other. The former provide for the employment of appellee for a year, at a stipulated compensation, provided the company continued to do business in the district, for which he was employed; but if it determined to withdraw from the district, then appellee's right to solicit insurance and earn commissions and salary was at an end. On no other hypothesis can all of the contract be given full force and effect.

It will be observed that, primarily, appellee's remuneration is to be by commissions; the salary stipulated for is only a guaranty on the part of the company that the commissions shall amount to, at least, $125 per month for the first four months, and $100 per month afterwards. By the provisions of section 2, the right to earn commissions by soliciting new business was to cease and determine without incurring liability on the part of the company at any time that the company saw fit to withdraw from the district. This language is utterly inconsistent with appellee's construction of sections 22 and 23. We conclude, therefore, that the court erred in failing to instruct the jury, substantially, as requested by appellant as to the effect of section 2 on the rights of appellee.

The court correctly submitted the question whether or not the appellant company agreed to the rebate of premiums admitted to have been made by appellee as its agent. Appellant insists that, although it may have agreed to the unlawful rebating of premiums, it was entitled to collect the whole premium which the agent ought to have received from the insured, and this on the theory that the contract between it and the agent permitted the rebating is void, being in contravention of section 565 of the Kentucky Statutes of 1903, which makes the act of rebating a crime. We quite agree with appellant, that any contract which contravenes a penal statute is void. The trouble we have with its contention is that it insists that the agreement in which the rebating was done was void in so far as the appellee was concerned, but should be effectuated as a legitimate transaction as to it. We do not so understand the law. If the

insurance company agreed with its agent, that in any given case the premium which should have been paid was rebated contrary to the statute, then that whole contract of insurance was as to the guilty parties void, void in whole and in every part; and the law will not assist either party in enforcing it as against the other; nor will it undertake to construct a legitimate contract out of a vicious agreement by eliminating the obnoxious features. It will neither collect for the company the premium which the agent ought to have received, or require him to pay over that which he actually received. It leaves the guilty parties where it finds them, not because it desires to protect one against the other, but because it refuses to have anything to do with either.

The contract between the parties to this litigation is upon its face a fair and lawful one. No illegitimate acts done outside of its terms will vitiate it; but if the parties step aside and do an illegitimate act in regard to insurance, this act is not done in pursuance of the contract, but outside of it. Any contract of insurance, in which rebating is done in violation of the statute, stands as if it had no existence so far as its enforcement for the benefit of either party is concerned; and it, therefore, necessarily follows, if our conclusions on this subject are correct, that if the appellant corporation agreed to the rebating done by its agent, and with guilty knowledge issued the policies at the reduced rates, in any settlement made between it and its agent of their civil rights under the contract, these illegitimate transactions should be considered as having no existence either in law or in fact. No effort was made by the corporation to forfeit the contract during its existence for the rebating

done by its agent. We think the proposition to retroactively forfeit rights under the contract after its existence has ceased comes too late. Appellant cannot accept appellee's services as agent after the rebating was done, and then say, in a suit to recover his salary, that the agent was guilty of rebating during the life of the contract, and, therefore, it owed him nothing for the legitimate service it received after the illegal act was done. Especially is this true if it agreed to the acts upon which the right of forfeiture is based.

The trial court correctly ruled that the appellee was only entitled to recover of appellant the sum of $10 under the provisions of section 24; that being the whole amount expended for office rent while appellee acted as agent.

For the reason given, the judgment is reversed for proceedings consistent herewith.