[Meridian L. Ins. Co. v. Dean.]

# Meridian L. Ins. Co. *v.* Dean.

## *Assumpsit.*

(Decided April 17, 1913.  62 South. 90.)

1. *Insurance; Policies; Statutes.*—Insurance statutes are intended to protect the citizen, and a violation of the insurance statutes by an insurance company does not render its policies void, unless the statute so provides.

2. *Same; Rebates.*—Under Acts 1909, p. 111, a contract for the granting of a rebate to the insured is void; but the insurance company is not relieved of liability to the beneficiary in the policy after the death of the insured, the statute containing no provision as to the effect of a rebate agreement upon the policy.

3. *Same; Pleas; Sufficiency.*—Under such statute a plea which does not allege that the rebate set up was one not specificed in the policy is defective.

4. *Same; Return of Premium; Fraud.*—In an action on a life insurance policy, pleas setting up fraud are bad if not accompanied by the payment into court of all premiums collected as required by section 4573, Code 1907, as a return of premiums is necessary in all cases except where the contract sued on is absolutely void.

5. *Contracts; Illegality of Consideration; Effect.*—The expressed or implied intent of the law prohibiting an act determines whether a contract into which such an illegal act enters, or which is induced by it, is void, voidable, illegal, or valid.

6. *Statutes; Construction; In Pari Materia.*—Acts 1909, p. 111, enlarges the provisions of section 4579, Code 1907, on the same subject, and must be construed in connection with the insurance law as found in the Code.

7. *Words and Phrases; Void; Voidable.*—Void contract include all the illegal agreements, and some not illegal, and is a nullity. A voidable contract is one which may be rendered null at the option of one of the parties, but is not so until so rendered. An illegal contract is void, not voidable, and may be taken advantage of by third parties.

APPEAL from Conecuh Circuit Court.

Heard before Hon. A. E. GAMBLE.

Action by Francis J. Dean on a life insurance policy against the Meridian Life Insurance Company. Judgment for plaintiff and defendant appeals. Affirmed.

J. T. MOLL, RUSHTON, WILLIAMS & CRENSHAW, and RABB & PAGE, for appellant. The court erred in sustain-

ing plaintiff's demurrers to pleas 1, 3, 4, 5, 6 and 7, each of which set up the illegality of the policy as being opposed to the statute prohibiting rebating or discrimination.—20 Enc. P. & P. 595; *Woods v. Armstrong*, 54 Ala. 150; *Jemison v. B. & A. Ry. Co.,* 125 Ala. 378; *Shippey v. Eastwood,* 9 Ala. 200; *McGehee v. Lindsey,* 6 Ala. 16; *O'Donnell v. Sweeney,* 5 Ala. 467; *Brooklyn L. I. Co. v. Bledsoe,* 52 Ala. 538; *Patton v. Gilmer,* 42 Ala. 548; *Montgomery Bank v. Crocheron,* 5 Ala. 250; 129 N. Y. Supp. 259; 127 Mich. 346; 133 Mich. 613; 62 C. C. A. 579; 128 Mich. 85; 15 Mass. 35. Under a proper construction of the statute the policies are void.—Authorities supra. The policies are not enforceable because the company's agent in doing an illegal act exceeded the limits of his authority, of which the insured was presumed to know.—23 L. Ed. 539; 17 Am. Rep. 205; 43 N. Y. 283; 100 Mass. 500; 38 Cal. 451; 78 C. C. A. 268, and authorities supra. The court erred in sustaining plaintiff's demurrers to defendant's plea 2.—46 C. C. A. 393; 159 Ill. 476, and authorities supra; 9 Cyc. 338; Sec. 5330, Code 1907.

HAMILTON & CRUMPTON, and D. M. POWELL, for appellee. The statutes are intended to protect and not to snare the citizens, and a violation of these laws by the insurance company does not absolve it from the contract.—*Brooklyn L. I. Co. v. Bledsoe,* 52 Ala. 551; *Whetstone v. Branch Bank,* 9 Ala. 875; *Sunflower L. Co. v. Turner S. Co.,* 158 Ala. 191; 2 Pa. St. 448; 32 Ia. 62; 36 Ia. 548; 45 N. W. 409; 5 Bliss. 382; 67 Am. Dec. 132; 171 N. Y. 409; 67 Am. Dec. 132; 9 L. R. A. 1204; 63 S. E. 303; 122 N. W. 645; 12 U. S. 303; 94 Ill. App. 163; 70 S. W. 628.

MAYFIELD, J.—This is an action on a life insurance policy for $2,500.

The complaint is in Code form. The defendant interposed seven special pleas, to which demurrers were interposed and sustained. The defendant then declined to plead further and suffered judgment. From that judgment, he appeals, and assigns as error the ruling sustaining the demurrer.

Pleas 1, 3, 4, 5, 6, and 7 each attempted to set up, in varying form, the defense that the policy or contract sued on is illegal and void, because in violation of an act of the Legislature of this state (Acts 1909, p. 111), in that 80 per centum of the first premium was not paid, but was taken by the assured and allowed by the insurance company or its agent, George K. Keady, as a rebate, in violation of the statute. The act in question is entitled, among other things, as one "to prohibit misrepresentations, rebating and discriminating by life insurance companies."

That part of the act pertinent to this inquiry is as follows: "No life insurance company doing business in this state shall make or permit any distinction or discrimination in favor of individuals between insurants (the insured) of the same class and equal expectation of life in the amount of premiums or rates charged for policies of life or endowment insurance, or in the dividends or other benefits payable thereon, or in any other of the terms and conditions of the contracts it makes. Nor shall any such company or agent thereof make any contract of insurance or agreement as to such contract other than is plainly expressed in the policy issued thereon; nor shall any such company or any officer, agent, collector or representative thereof pay, allow or give or offer to pay, allow or give, directly or indirectly, as inducement to insurance, any rebate of premium payable on the policy, or any special favor or advantage in the dividends or other benefits to accrue thereon, or any

paid employment or contract for services of any kind or any valuable consideration or inducement whatever not specified in the policy contract of insurance," etc. A violation of the act is made a misdemeanor.

The shortest and simplest of these pleas is that numbered 1, which is as follows: "(1) That at the time said Stephen Hunter Dean contracted with said defendant for the policy of insurance mentioned in said count it was agreed between him and the agent of the company that the said Stephen Hunter Dean should have and receive a rebate of 80 per cent. of the first year's premium on said policy, and that he said Stephen Hunter Dean did receive the said rebate; wherefore defendant says that the policy mentioned in said count was procured contrary to law, and is void."

This court, in the case of *Brooklyn Life Insurance Co. v. Bledsoe,* 52 Ala. 538, which was an action on a life insurance policy, in which the insurance company attempted, as in this case, to set up a violation of a state statute to defend the action, said: "The company may have violated the statute, and the agents making the contract may have been liable to the penalty imposed; but neither the assured nor the beneficiaries were involved in or affected by their guilt. While it is a settled principle that a contract founded on an act prohibited by statute is void, yet it is subject to this qualification: That, although the Legislature may forbid the doing of a particular act, a party not privy to it, or involved in the guilt of the transaction, may recover of the guilty actor, unless the act itself is void.—*Whetstone v. Br. Bank of Montgomery,* 9 Ala. 875. The statute did not declare void the policy or contract of insurance made here, by a foreign company, without a certificate of authority. Its purpose was not to absolve the company from liability on its contracts made here. The object

[Meridian L. Ins. Co. v. Dean.]

was to afford our own citizens ample security against loss because of transactions had here with the companies. The company and its agents are alone guilty under the statute, if they violate it. Such violation they cannot invoke as a protection from liability on their contracts."

In *Whetstone's Case,* cited above, it is said, in speaking of such illegal contracts: "It is clearly established that no court will lend its aid to one who founds his action upon an illegal or immoral act. If the contract sought to be enforced is malum in se, or forbidden by statute, no court will aid in enforcing it. As, therefore, the emission of paper by the railroad, to circulate as money, was contrary to the charter, any one aiding in the unlawful design, and being thus particeps criminis, could not recover of the railroad company. But although the Legislature may have forbidden the doing of a particular act, a party not privy to it, or involved in the guilt of the transaction, may recover of the guilty actor, unless the Legislature from considerations of public policy, has declared the act itself void, as in the case of usury and gaming. In these cases the security itself is contaminated by the guilt of the transaction, and is void in the hands of an innocent holder for value. In this case, as the Legislature has not thought proper to declare the obligations of the railroad void, though illegally issued, they will not be so in the hands of an innocent holder. To hold otherwise would be to enable the railroad company to profit by its own violation of the law, and to make the penalty fall upon the innocent."—9 Ala. 884.

Of course, the statutes referred to in the above cases are different from the one now under consideration; but the policy of the law and the object of the Legislature in passing each was no doubt the same as is expressed in

the two opinions quoted. Insurance statutes are passed to protect the citizens, not to trap them. The violation of such statutes by the insurance company or its agents should not, and does not, absolve the company from its contracts or obligations, unless the statute so provides by declaring such contracts to be void.

There are few subjects as to which there is more confusion than is involved in the effect of contracts which are induced or procured as the result of acts which are prohibited by law, express or implied, especially when the law imposes a penalty upon, or makes a crime, the doing of the prohibited act. This results from confusing and confounding void, voidable, and illegal contracts. Void contracts, of course, include all illegal ones, as well as others that have no element of illegality. A contract ultra vires a given corporation may be void, but it is not necessarily illegal. The term "void" is often loosely used, when "voidable" is meant. A void agreement or contract, in law, is null; a contract or agreement which may be avoided or rendered null at the option of one or more parties thereto is voidable, but not void until so rendered. An illegal contract is not voidable, because there is nothing to avoid. So far as it is executory, there is nothing to avoid. Third parties may take advantage of the illegality of an executory contract.—1 Page on Contracts, § 506.

It does not, however, follow that every contract or agreement into which a prohibited act enters, or which such an act aids in procuring or inducing, is thereby rendered either void, illegal, or voidable. We must in each case look for the intent of the law that prohibits the act which so entered into or induced the contract. Acts which are made crime are not enforceable, because the law will not make a man commit a crime by specific enforcement; but it does not follow, as a necessary conse-

quence, that the law will not enforce or give effect to any contract, because an act, made a crime, entered into or induced the contract. The criminal act and the contract, in such cases, may be entirely different things; and the consequences of doing the criminal act may have no effect whatever upon the contract into which it enters, or which it induces. The result or the effect it may have on the contract depends upon the intent of the law which prohibits the act or makes it a crime. If the law be a statute, the intent of the lawmaker is the law. The statute may in terms declare 'such contract void, voidable, illegal, or valid; but, if not, it is the subject of judicial construction to ascertain the intent.

An example is the federal statute which prohibits national banks from taking lands as security for loans made by them, and authorizes the infliction of the death penalty upon the corporation for its violation—that is, subjects its charter to forfeiture; yet the contract consummated by the prohibited act is not thereby rendered illegal, void, or voidable. Justice Field, in speaking to the question, said: "The statute did not declare such security void, but was silent on the subject; that had Congress so intended it would have been easy to say so, and it can hardly be presumed that this would not have been done, instead of leaving the question to be settled by the uncertain result of litigation and judicial decision. And after citing numerous cases where a disregard of statutory prohibitions has not been held to vitiate the contracts of parties, but only to authorize actions by the government against them, the court held that the prohibitory clause of the banking law did not vitiate the real estate securities taken for loans, and that a disregard of them only laid the association open to proceedings by the government. 'The impending danger,' said the court, 'of a judgment of ouster and dissolution was, we

think, the check, and none other, contemplated by Congress. That has been always the punishment prescribed for the wanton violation of a charter, and it may be made to follow whenever the proper public authority shall see fit to enforce its application."—*National Bank v. Whitney,* 103 U. S. 102, 26 L. Ed. 443.

Justice White says of it: "It is no longer open to controversy that the provisions of the statutes of the United States forbidding the taking of real estate security by a national bank for a debt coincidentally contracted do not operate to make the security void, and thus enable the individual who has contracted with the bank to defeat recovery, but simply subjects the bank to be called to account by the government for exceeding its powers."—*Schuyler Nat. Bank v. Gadsden,* 191 U. S. 458, 42 Sup. Ct. 131, 48 L. Ed. 258.

Mr. Page, in his work on Contracts (vol. 1, p. 511), thus declares the rule: "The validity of the contract depends on the intention of the Legislature as determined from the entire act. If the object of the statute is to prevent the performance of the act specified, or to protect the general public, a contract in violation of the statute is invalid. There are, however, cases in which a penalty does not invalidate the contract whereby it is incurred. The question is entirely one of legislative intent. A statute solely for the benefit of revenue, which imposes penalties or fines for its violation, does not of itself make void contracts entered into in violation thereof, as in case of sale by an unlicensed peddler. If the penalty is imposed for the protection of one party to the contract, the statute must not be so construed as to make such contracts void, so as to injure the interests of such party. Thus a statute which imposes a penalty on effecting insurance in a foreign company until it has complied with the statutes for admission to do business in

the state is intended for the benefit of the policy holders, and must not be so construed so as to make their contracts void."

It has been held, however (and the doctrine is approved by Mr. Page), that where the statute in question imposes a penalty on an agent for the granting of a rebate the agent so violating the statute cannot recover in an action on a note given for the amount of the premium, less the rebate.—*Heffron v. Daly*, 133 Mich. 613, 95 N. W. 14; 1 Page, Contr. 510.

But that is a question quite different from that involved where a beneficiary under the policy, or the bona fide holder thereof, seeks recovery against the insurance company whose agent committed a wrong in procuring the insured to obtain the policy by means of rebates, in violation of the statute. In the one case the party or parties who commit the wrong suffer on account of it; in the other case, if the plaintiff fail, he suffers for a wrong committed by the defendant or its agent, acting within the line and scope of his authority.

If the defendant's pleas are good in this case, then any insurance company can defeat any recovery on any policy by violating the statute and then setting up its own wrong as a defense to the action on the policy. It can collect the premiums on policies for years, less whatever rebate it sees fit to allow, being careful not to allow the same rebate at all, keep the premiums paid, and escape all liability for losses by setting up that it has violated the law. Such a construction of the statute ought not to be adopted if it can be avoided.

These cases illustrate the true rule as to the construction of such statutes; that is to say, that the illegal act will not be enforced at the suit of him who committd it, but that it does not follow that another contract can be avoided by the same party on account of the same wrong.

[Meridian L. Ins. Co. v. Dean.]

The contract which is rendered void is the contract to grant the rebate on the premium of insurance, and not the contract of insurance. The statute could have provided that the policy or contract of insurance should be void or nonenforceable; but it does not so provide; it only prohibits the granting of rebates or discriminations, without saying what the effect the violation of the statute shall have upon the policy issued.

The statute clearly provides other penalties and punishments, and other modes and methods for their enforcement, than of defeating actions brought on the policy.

While we do not decide that those expressly provided for in the statute are the exclusive ones, yet we do decide that the pleas in this case set up no valid defense to this action.

Statutes like the one under review seem to be comparatively modern, and there are not many reported cases in which they have been construed or reviewed by the courts. And most of the reported cases relating to such statutes were actions brought on notes for the premiums, less the rebates, or were proceedings or suits against agents or insurance companies to recover penalties, or to enforce punishments prescribed for the violation of the statute. There are few, if any, cases exactly in point. The companies thus far seem not to have attempted to defend actions on the policies by setting up the violation of the statute, probably because if the defense was successful it might subject the company or its agent, one or both, to actions or prosecutions by the state whose laws were thus violated.—See 28 Cent. Digest, Ins. §§ 34, 35; 11 Dec. Dig. Ins. 28-32. See, also, 11 Dec. Dig. Ins. § 138 (2), where the cases are collected.

[Meridian L. Ins. Co. v. Dean.]

The statute in question and the one set up in the pleas is an enlargement of our insurance law as contained in the Code, but must be construed in connection with the Code provisions. The particular part of the statute relied upon in these pleas, and quoted above in this opinion, is an enlargement, an extension, of the provisions of section 4579 of the Code. This section has been several times construed by this court, but not as to the precise question raised on this appeal—that is, as to the effect of giving or allowing rebates upon the policy of insurance; but as to agreements, representations, etc., "not plainly expressed in the policy issued thereon," see *Hunt v. Preferred Acc. Ins. Co. of New York*, 172 Ala. 442, 55 South. 201; *Empire Life Ins. Co. v. Gee*, 171 Ala. 435, 55 South. 166; *Mutual Life Ins. Co. v. Allen*, 166 Ala. 159, 51 South. 877; *Manhattan Life Ins. Co. v. Verneville*, 156 Ala. 596, 47 South. 72; *Julian, Ins. Com'r v. Guarantee Life Ins. Co.*, 159 Ala. 533, 49 Souh. 234.

Some of these pleas are defective, in that they do not allege that the rebate complained of was one "not specified in the policy or contract of insurance." The part of the statute complained of does not prohibit rebates which are specified or provided for in the policy, and, for aught that appears, the rebate complained of may have been so specified or provided for in the contract of insurance.

Likewise, those pleas which attempt to set up fraud, other than the violation of the statute, are bad, because not accompanied by a payment into court of all premiums collected, as provided for in section 4573 of the Code. If the statute were susceptible of the construction that the policy was voidable, at the option of the insurance company, on account of the facts stated in the pleas, still the pleas would be defective, in that they failed to show a tender of the amount of premiums re-

ceived. The necessity of tender is avoided only when the contract sued on is absolutely void, and not merely voidable. Plea 2 was certainly bad for this reason, if for no other, though it has other defects, which are pointed out in the demurrer and in the opinion.

We have not overlooked the fact averred in some of the pleas that the insured was acting as the agent of the defendant in procuring the policy.

Finding no error, the judgment of the lower court is affirmed.

Affirmed. All the Justices concur, except DOWDELL, C. J., not sitting.