FRED B. PATTEN, Appellant, v. J. G. MILLER, Respondent.

**St. Louis Court of Appeals. Opinion Filed April 2, 1918.**

1. **INSURANCE: Life Insurance: Evidence: Illegal Transaction: Case for the Jury.** In an action by an assignee on an instrument for the payment of money given to an insurance agent by an insured, if there is any substantial evidence in the record tending to support plaintiff's theory that such instrument was given for a valid indebtedness, and not as a mere cloak for an illegal transaction, then the case is for the jury.

2. ———: ———: ———: **Rebate of Premiums: Instrument as Cloak: Sufficiency of Evidence.** But, in such action, when plaintiff's evidence shows, without contradiction or dispute, that it was not intended that such instrument evidence a bona-fide obligation of defendant for the unpaid portion of the premium mentioned, but that it was designed merely to serve as a cloak for a rebate in violation of section 6934, Revised Statutes 1909, the trial court did not err in directing a verdict for defendant.

3. **TRIAL PRACTICE: Evidence: Harmless Error.** In such action, permitting the agent, over defendant's objections, to testify as to the amount paid by him to the life insurance company out of the total cash payment to him by defendant, was not prejudicial to plaintiff.

Appeal from the Circuit Court of the City of St. Louis. —*Hon. Kent K. Koerner*, Judge.

AFFIRMED.

*Berthold & Lister*, for appellant.

(1) Where there is any evidence of a material fact in issue, no amount of force in the rebutting testimony will authorize the court to take the question of fact from the jury. Hunt v. Missouri R. Co., 14 Mo. App. 160. If, on all the facts and circumstances, there is room for fair and sensible men to differ in their conclusions,

the jury should decide. Roddy v. Mo. Pac. Ry. Co., 104 Mo. 234. The weight and sufficiency of the evidence is for the jury. Dooly v. Jennings, 6 Mo. 61; Patterson v. McClanahan, 13 Mo. 507; State v. Upton, 20 Mo. 397; Chouquette v. Barada, 28 Mo. 491; Kirk v. Sportsman, 48 Mo. 383; Moore v. Pieper, 51 Mo. 157; Burham v. St. Louis, I. M. R. Co., 56 Mo. 338; Reynolds v. Rogers, 63 Mo. 17; State v. Peebles, 178 Mo. 475, 77 S. W. 518. (2) The credibility of witnesses is a question for the jury. Glasscock v. Swafford Bros. Dry Goods Co., 106 Mo. App. 657. The fact that plaintiff and defendant are the only witnesses and directly contradict each other does not necessarily render the evidence equally balanced, so that no verdict can be rendered thereon, but the credibility of the witnesses is in such a case wholly a matter for the jury. Utz v. Hoerr, 20 Mo. App. 36. (3) Where there is any evidence tending to support the issues in the case, although slight, it should be submitted to the jury, and it is error to order a non-suit or direct a verdict. Magoon v. Whiting, 1 Mo. 613; Chouteau v. The St. Anthony, 12 Mo. 389; Fine v. St. Louis Public Schools, 39 Mo. 59; Williamson v. Fischer, 50 Mo. 198; Holliday v. Jones, 59 Mo. 482; Flori v. City of St. Louis, 3 Mo. App. 231; Baum v. Fryrear, 85 Mo. 151; Moody v. Deutsch, 85 Mo. 237; Groll v. Tower, 85 Mo. 249; Hadley v. Orchard, 77 Mo. App. 141; Tapley v. Herman, 95 Mo. App. 537; Carr v. Ubsdell, 97 Mo. App. 326; Morrow v. Pullman Palace Car Co., 98 Mo. App. 351; Rosenbaum v. Gilliam, 101 Mo. App. 126. Where there is any evidence tending to prove the issues of fact in a case, it must go to the jury, though the legal effect of the facts is a question of law on which instructions may be given. Bowen v. Lazalere, 44 Mo. 383. Fortune v. Missouri R. Co., 10 Mo. App. 252. A peremptory instruction to find for defendant permissible only when there is no testimony tending to support plaintiff's case. Heman v. Larkin. 70 S. W. 907.

*Holland, Rutledge & Lashly* for respondent.

(1) The record proper in this case contains nothing but the petition and fails to show that a motion for new trial was filed and ruled on and that an appeal was taken and a bill of exceptions filed, all of which details are essential before this court will or can pass on the rulings of the trial court. The record proper only is before this court for review and no error can be found therein. State v. Sly, 180 Mo. App. 379; Dalton v. Register Co., 248 Mo. 150; St. Louis v. Young, 248 Mo. 346; State v. Scobee, 255 Mo. 270; Blumer v. Lowenhart, 188 S. W. 1131, l. c. 1132; Fleming v. Meals, 192 Mo. App. 38; Clark v. Clark, 191 Mo. App. 278; Reiner v. Cement Co., 177 Mo. App. 198. (2) The evidence as shown by the document on which plaintiff seeks to recover provided for no date of maturity and the testimony in connection therewith discloses that no interest was to be charged on the money therein specified and thus stamps the transaction as one of rebating a premium. (Record, pp. 2, 26-27). Hoffman v. Ins. Co., 92 U. S. 161, 23 L. Ed. 539; Metropolitan Life Insurance Co. v. People, 209 Ill. 42; Hefron v. Daly, 133 Mich. 613; State Life Insurance Co. v. Strong, 127 Mich. 346; Tillinghart et al. v. Craig, 9 Ohio C. D. 459; Thomson v. McLaughlin, 79 S. E. 182. (3) The evidence establishing rebating in connection with this transaction shows there is no life in the document relied on by plaintiff and no validity or merit to his cause, and the court committed no error in directing a verdict for defendant. Section 6934, Revised Statutes Mo. 1909; Hoffman v. Insurance Co., 92 U. S. 161, 23 L. Ed. 539; Admission Appellant's Brief, p. 50, paragraph 3; See also cases cited under Point 2.

ALLEN, J.—This is an action, instituted before a justice of the peace, wherein plaintiff seeks to recover as assignee of the following instrument, viz:

"St. Louis, Missouri, November 17, 1911.

"I hereby acknowledge myself to owe and be indebted to S. D. Martin, in the sum of Three Hundred Fifty-seven & 93-100 Dollars, for value received, with interest at the rate of —— per cent per annum, payable annually in advance. To secure the payment of same, I hereby pledge, as sole security, all profits and other benefits now accrued, or that may hereafter accrue, to Policy Number K-17100, issued to me by Meridian Life Insurance Company, and dated November 10, 1911, and I authorize and direct said company to pay S. D. Martin, from such proceeds, the amount shown to be due him.                J. G. MILLER."

At the trial in the circuit court, before the court and a jury, the court, at the close of plaintiff's case, gave a peremptory instruction offered by defendant in the nature of a demurrer to the evidence. In obedience to this instruction the jury returned a verdict for defendant, and from a judgment duly rendered thereon the plaintiff prosecutes this appeal.

The evidence shows that plaintiff is the general agent for a life insurance company doing business in the city of St. Louis, and that in the course of his business he had certain dealings with S. D. Martin, a life insurance agent, mentioned in the instrument, supra, whereby Martin became indebted to him, and that as security for such indebtedness the instrument in suit was assigned to him by Martin.

It appears that this instrument was signed by the defendant, Miller, at the request of Martin when the latter delivered to him a policy of insurance on his life in the sum of $10,000, issued by the "Meridian Life Insurance Co.," of which Martin was then agent, upon which policy the annual premium was $421.10. The first annual premium on this policy, it is said, was "settled for" by defendant by the payment to Martin of $63.17 in cash and the execution by him of the instrument sued upon. Defendant did not keep the policy in force after the first year.

Martin, called as a witness for plaintiff, stated that prior to the issuance to defendant of the policy of insurance he told defendant that he could offer him a policy for which the cash outlay for the first year would be small, "about fifteen per cent," and that defendant would owe him the remainder. He further testified that nothing was said as to defendant's keeping the policy in force after the first year. When asked how defendant's continuance of the insurance after the first year would have affected the instrument sued upon, he said: "Why the company would have taken that off my hands. . . . The company would have taken that up and held it against the policy." When asked if the defendant "would have had to pay this paper" if he had continued the policy after the first year, the witness said: "It would have been paid some day to somebody from Mr. Miller indirectly, because all of the proceeds of the policy come from the policy-holder. . . . If he had kept the policy in force I would have turned it over to the company and Mr. Miller would have paid it. . . . The balance of the policy which Mr. Miller contributed to the company would have done it." He further testified:

Q. "The company would have paid it?" A. "No, sir; his money." Q. "You mean out of certain proportion of the—A. "That goes into the reserve fund." . . . Q. "Out of that reserve this paper would have been paid?" A. "Eventually." Q. "It would have been worked out in the process of the policy?" A. "Yes, sir."

He also testified that defendant was to pay no interest on the indebtedness; that he sent this paper to the Meridian Life Insurance Company, and that the company returned it to him several months later; that on this policy he paid the company $42.11 out of the cash payment received by him all over and above this sum constituting his commission.

The defendant, called as plaintiff's witness, testified that under the agreement between him and Martin

all that he was to pay for the policy of insurance was $63.17. As to the execution of this instrument he testified as follows: "He (defendant) produced this instrument and asked me to read it. He said that there was a law in Missouri which prevented him from selling any insurance at less than legal rates, and to avoid any liability on his part—he explained that this instrument, which I looked at and read, was given to put him all right with the Insurance Department; it would make it appear as I paid the whole amount; it had no maturity, bore no rate of interest."

The peremptory instruction was given upon the theory that the instrument in suit was executed merely as a device to give the appearance of legality to a transaction involving the rebate of a portion of the premium upon the policy of insurance mentioned, in violation of section 6934, Revised Statutes 1909; and that consequently no recovery may be had thereon, either by Martin or by his assignee, the plaintiff herein. In this we think that the court committed no error. Appellant's learned counsel concede that if it appear as a matter of law that the instrument sued upon was executed and delivered to plaintiff's assignor merely as a means of covering up an illegal rebating of a portion of an insurance premium, then plaintiff has no case. But it is contended that it does not conclusively appear that the instrument was given for such illegal purpose; that the evidence touching the matter was such as to make this question one for the jury.

It is quite true that if there is any substantial evidence in the record tending to support plaintiff's theory that the instrument was given for a valid indebtedness, and not as a mere cloak for an illegal transaction, then the case should not have been taken from the jury. But an examination of all the testimony adduced by plaintiff fails, we think, to show any substantial evidence, of any probative force or value, tending to show that the transaction in question was a valid one. The testimony of defendant, as plaintiff's

Patten v. Miller.

witness, all goes to show that the transaction was one in direct violation of the statute, supra; but we pass this, since plaintiff is not concluded by the testimony of this witness. However, an examination of the testimony of Martin reveals that it was not the intention of the parties that this instrument should constitute any binding obligation on the part of the defendant. While, there is a conflict in the testimony of Martin and defendant as to what was said by the former at or about the time of the execution of this paper, such conflict is immaterial here, for regardless of what was then said, the fact is, according to Martin's testimony, that it was not contemplated that the instrument would be paid at all unless the policy were continued in force for a period sufficient to enable this to be done, in some way, out of funds accumulated to the credit of the insured; and defendant was not bound to so continue the policy in force. In other words plaintiff's evidence throughout shows, we think, without contradiction or dispute, that it was not intended that this instrument evidence a *bona-fide* obligation of defendant for the unpaid portion of the premium mentioned, but that it was designed merely to serve as a cloak for a rebate in violation of the statute, supra. In this connection see: Heffron v. Daly, 133 Mich. 613; State Life Insurance Co. v. Strong, 127 Mich. 346.

Error is assigned to the action of the trial court in permitting Martin, over defendant's objections, to testify as to the amount paid by him to the Meridian Life Insurance Company out of the $63.17 paid him by defendant. But it is entirely clear that the plaintiff was not prejudiced by this ruling.

It follows that the judgment should be affirmed, and it is so ordered. *Reynolds, P. J.,* and *Becker, J.,* concur.