## ASHTON JENKINS INS. CO. v. LAYTON SUGAR CO.

No. 5117. Decided January 5, 1935. (39 P. [2d] 701.)

*Homer Holmgren* and *H. H. Rolapp,* both of Salt Lake City, for appellant.

*Bagley, Judd & Ray,* of Salt Lake City, for respondent.

EPHRAIM HANSON, Justice.

Plaintiff is an insurance broker representing fire and other insurance companies in this state. The defendant is the owner of a sugar plant at Layton, Davis county, Utah. In the year 1925 defendant carried fire insurance of $450,000 on its property. Of this amount $25,000 was in one of the companies represented by plaintiff. All the insurance carried by defendant expired in December, 1925. Prior to the expiration of the insurance, defendant advised plaintiff that it did not intend to renew with plaintiff a policy which it had written, and that the defendant was negotiating with another insurance company to carry its insurance, and that it had been offered a rate of 42 cents per $100. Plaintiff, upon getting this information, offered defendant insurance at this rate, provided it were given all of defendant's insurance, amounting to $450,000. Defendant, upon receiving this offer from plaintiff, advised it that it woud accept the offer and allow plaintiff to write the entire insurance of $450,000, provided the rate did not exceed 42 cents per $100, and that the company writing the insurance was a member of the board of fire underwriters. Plaintiff thereupon issued to the defendant two policies in the U. S. Fire Insurance Company, one in the amount of $125,000, the other for $325,000. These policies provided that the "U. S. Fire Insurance Company, in consideration of the stipulations herein named and of $1,000 and $2,600 premium does insure Layton Sugar Company for the term of one year," etc. Each policy also contained the following provisions:

"This policy is made and accepted subject to the foregoing stipulations and conditions, and to the following stipulations and conditions printed on back hereof, which are hereby specifically referred to and

made a part of this policy, together with such other provisions, agreements, or conditions as may be endorsed hereon or added hereto; and no officer, agent or other representative of this Company shall have power to waive any provision or condition of this Policy except such as by the terms of this Policy may be the subject of agreement endorsed hereon or added hereto; and as to such provisions and conditions no officer, agent, or representative shall have such power or be deemed or held to have waived such provisions or conditions unless such waiver, if any, shall be written upon or attached hereto, nor shall any privilege or permission affecting the insurance under this Policy exist or be claimed by the insured unless so written or attached."

The policies expired December 17th and 19th, respectively. The premiums as set forth in the policies were at the rate of 80 cents per $100, and defendant refused to accept the policies at that rate, and stated that the rate would have to be changed or a receipt in full given on payment of the premium at the 42-cent rate. Plaintiff refused to change the rate, but said it would give a receipt in full, and thereupon defendant accepted the policies, paid plaintiff $1,890, being the premium agreed upon at the 42-cent rate, and plaintiff gave the defendant a receipt stating that the said $1,890 was payment in full for the $450,000 insurance.

Plaintiff paid the U. S. Fire Insurance Company the premium called for by the policies, less the commission earned by it. This payment plaintiff claims it was compelled to make under its contract of employment with the insurance company. Just before the policies expired, plaintiff sought a renewal of them, but was informed by the defendant that it did not intend to renew these policies with plaintiff. No claim for the additional premiums was asserted until plaintiff was told that the defendant did not intend to renew the policies, and, being so advised, it brought suit for $1,710, being the difference between the premiums defendant had paid and the amount of premiums set forth in the policies. The trial court found the issues in favor of the defendant, and to reverse that judgment this appeal is taken. Plaintiff's position on this appeal is: (1) That

the statement in the policies as to the amount of premiums is conclusive; (2) that any contract for any other or different rate than that set forth in the policies was illegal and prohibited by the statutes of the state of Utah; (3) that it is subrogated to the rights of the U. S. Fire Insurance Company by reason of having paid to it the premiums on these policies.

Defendant contends that the plaintiff, by accepting the $1,890 and issuing to defendant its receipt for payment in full of the premiums under said policies, is estopped from claiming any additional premium. Laws of Utah 1923, c. 70, § 1, which appellant says was violated, provides, so far as applicable here, as follows:

"Every insurance policy or bond issued in this State shall bear on its face a true statement of the premium paid or to be paid and no insurance company or officer thereof and no insurance agent, shall personally or otherwise offer, promise, allow, give, set off or pay directly or indirectly, any rebate of, or part of, the premium payable on the policy, or bond, or on any policy or bond, or agent's commission thereon, or earnings, profit, dividends or other benefit founded, arising, accruing or to accrue thereon or therefrom, or any other valuable consideration or inducement to or for insurance, on any risk in this State now or hereafter to be written, which is not specified in the policy of insurance. * * * "

The law also provides that any insurance company, its officers or agents violating the provisions of the act, shall be guilty of a misdemeanor, and also provides that the insurance commissioner may revoke the certificate of authority of the company or license of the agent.

Plaintiff cannot prevail. It would be unjust and inequitable, after it induced the defendant to accept the policies on the belief that the premiums were paid in full, to permit it to recover the additional premium. The contract agreed upon was carried out by the defendant. The defendant, having lived up to the agreement on its part, should not be made to pay something it did not contract to pay. 26 C. J. 967, § 67; 21 C. J. §§ 151, 152.

The agreement to pay at the 42-cent rate did not render the contract void. The statute provides a penalty for an insurance company, its officers or agents violating any of the provisions of the act. It was not contemplated by the statute that the insurance company could ■ enter into such an agreement and then take advantage of it by saying that the agreement was void. Whether or not the plaintiff violated the statute, we are not called upon to decide. It is clear from the evidence that the assured was not involved or affected by any guilt of the plaintiff. Certainly, if the plaintiff were guilty of violating the statute, this court would not permit it to set up its own guilt or wrong to enrich itself. *Way* v. *Pacific Lumber & Timber Co.*, 74 Wash. 332, 133 P. 595, 49 L. R. A. (N. S.) 147; *Meridian Life Ins. Co.* v. *Dean*, 182 Ala. 127, 62 So. 90; *Oregon S. L. R. Co.* v. *American Smelting & Ref. Co.* (C. C. A.) 269 F. 898; *Equitable Life Assur. Soc.* v. *Wetherill* (C. C. A.) 127 F. 947; *Heffron* v. *Daly*, 133 Mich. 613, 95 N. W. 714; *National Life Ins. Co.* v. *Anderson*, 122 Ky. 794, 92 S. W. 976.

Neither can the plaintiff prevail on its theory of subrogation. Subrogation is not allowed where it will work any injustice to others. 2 Story, Equity Jurisprudence (14th Ed.) § 706. Plaintiff, by paying to its principal the insurance based on the 80-cent rate, could ■■ not change or alter the contract that it had entered into with the defendant. That payment did not enlarge the plaintiff's right.

"Equity, in order to entitle one to subrogation, must be strong and his case clear, as equity will relieve in general only those who could not well have relieved themselves." *Bingham* v. *Walker Bros. Bankers*, 75 Utah 149, 283 P. 1055, 1056.

The judgment of the lower court is affirmed; respondent to recover its costs.

STRAUP, C. J., and ELIAS HANSEN, FOLLAND, and MOFFAT, JJ., concur.